**Leonard PAIGE, Sr., et al.**

v.

**STEAMSHIP TRADE ASSOCIATION INTERNATIONAL LONGSHORE-MEN'S ASSOCIATION PEN-SION/TRUST FUND BENEFITS TRUST FUND.**

No. JFM–99–2894.

United States District Court,
D. Maryland.

Dec. 29, 1999.

Ransom J. Davis, Law Office, Baltimore, MD, Plaintiff.

James T. Kimble, Abato, Rubenstein & Abato, Baltimore, MD, for Defendant.

## MEMORANDUM

MOTZ, Chief Judge.

Leonard Paige, Sr. and Beatrice Collins Paige have instituted this action against the Steamship Trade Association of Baltimore, Inc.—International Longshoremen's Association Pension Fund. The Paiges seek to compel the Plan to allow Mr. Paige to designate Beatrice Paige as his beneficiary. The Plan has filed a motion to dismiss to which the Paiges have not responded. The motion will be granted.

### A.

Mr. Paige retired and began receiving a pension effective February 1, 1987. At the time of his retirement Mr. Paige was married to Mary Paige and elected a Husband and Wife pension as his payment option. Under this option if the participant predeceases his spouse, his spouse will receive 50% of the benefits that the participant was receiving for the remainder of her life.

In 1995 Mr. Paige and Mary Paige were divorced. Subsequently, after what was first an unsuccessful attempt to do so (because of insufficient wording in the divorce decree), Mary Paige waived her survivor's benefits. Both before and at the time the effective waiver was submitted, the Plan advised Mr. Paige and Mary Paige that his pension benefit could not and would not be increased by virtue of the waiver.

In 1997 Mr. Paige married Beatrice Collins Paige. Mr. Paige, through his attorney, attempted to have the Plan allow him to add Beatrice Paige as his designated beneficiary to receive a survivor's benefit upon his death. The Plan advised Mr. Paige's counsel that it could not make the requested designation. This suit followed.

### B.

Section 5.01(g) of the Plan Document states:

The monthly amount of the Husband and Wife Pension, once it has become payable, shall not be increased if the spouse is subsequently divorced from the Pensioner or if the spouse predeceases the Pensioner.

Section 5.01(a)(2) provides that a "[pension] [e]lection or revocation may not be made after a pension has commenced...." Section 5.08 (titled "Finality of Option Selection") provides that "[o]nce a Participant has selected one of the options provided in this Article, said selection cannot be revoked or changed after the Annuity starting date of the Pension."

Likewise, the Summary Plan Description provides:

> Once your Husband and Wife Pension becomes effective, it cannot be changed nor can the amount of your benefit be changed even if you and your spouse later divorce or if your spouse dies before you....

If Beatrice Paige were added as a beneficiary, new actuarial computations would have to be performed, and the amount of Mr. Paige's benefit would be changed in violation of this provision.

For these reasons the Plan's denial of Mr. Paige's request to designate Beatrice Paige as a beneficiary clearly was correct under the plain language of the Plan Document. A separate order dismissing this action is being entered herewith.

## ORDER

For the reasons stated in the accompanying memorandum, it is, this 30 th day of December 1999

ORDERED

1. Defendant's motion to dismiss is granted; and

2. This action is dismissed with prejudice.